THE PEOPLE, RESPONDENT, *v.* ALONSO ET AL., APPELLANTS.

APPEAL from the District Court of Arecibo.

No. 482.—Decided April 30, 1913.

CRIMINAL LAW—ROUT—RIOT—PREVIOUS AGREEMENT BETWEEN DEFENDANTS.—
  The crime of rout is committed when two or more persons assembled and acting together make any attempt or advance towards the commission of an act which if actually committed would be a riot, it being unnecessary to prove any previous agreement between the defendants, the assembly of two or more persons with apparent common intent to disturb the public peace being sufficient.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
*Mr. Herminio Díaz* for appellants.
' MR. JUSTICE ALDREY delivered the opinion of the court.

The five appellants herein were charged before the District Court of Arecibo with the offense of rout, as defined in section 361 of the Penal Code, and found guilty of the same. One was sentenced to imprisonment in jail for one year, another to imprisonment in jail for eight months, and each of the rest to six months' imprisonment in jail. From this judgment the present appeal is taken.

Counsel for the appellants did not present any assignments of error, but at the hearing he alleged orally that the

offense charged had not been proved and that even if it had, the punishment was excessive, for which reason he asked this court that in case it should deem the guilt of the accused established it substitute fines in lieu of imprisonment.

No objection is made to the information, which is adequate. Hence we will proceed to consider the points raised by appellants' attorney.

Regarding the first contention, that the evidence was insufficient to support the judgment of conviction, we will examine the evidence introduced at the trial and set forth in the statement of the case approved by the trial judge.

From the evidence as a whole it appears that during the afternoon of June 23 last the Municipal Judge of Utuado, fearing for reasons that do not appear that the mayor, Adrián Cueto, would be assaulted, went to the latter's office with the object of accompanying him to his dwelling house; that while for that purpose they were crossing the square and descending the steps thereof the accused, Pedro Alonso, approached and accosted Cueto with threatening and insulting language, urging a large number of people there assembled to lay hands on and kill the said Cueto; that he was seconded in such threats and menacing attitude by the other defendants and attempted to lay hands on the person of the mayor; however, the mayor was not assaulted, the attack being limited to insults and threats.

Our statute defines the offense of rout as existing when two or more persons, assembled and acting together, make any attempt or advance toward the commission of an act which would be a riot if actually committed, a riot being any use of force or violence, disturbing the public peace, or any threat to use such force or violence, if accompanied by immediate power of execution, by two or more persons acting together and without authority of law.

In this class of offenses it is not necessary to prove any previous agreement between the accused parties, the assem-

bly of two or more persons with apparent common intent to disturb the public peace being sufficient.

The evidence is sufficient to support the verdict of guilty as all the elements constituting the crime are established, inasmuch as the accused were assembled and acted together in the same way and with the same object, disturbing the public peace by threatening to use force and violence, accompanied by immediate power of execution.

The second ground of appeal does not assail the validity of the penalty imposed by the trial court, but is a petition that this court, in its discretion, change the sentence from imprisonment to fine.

The occasions on which this court has changed the penalties imposed by the lower courts are exceedingly rare, and as we see no reason, nor has any been shown, why we should modify the sentence in this case, the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.